[Cite as *Intl. Union of Operating Engineers, Local 20 v. Hamilton*, 2019-Ohio-2491.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IUOE, LOCAL 20, | : | |
| Appellee, | : | CASE NO. CA2018-10-195 |
| | : | O P I N I O N |
| - vs - | | 6/24/2019 |
| | : | |
| CITY OF HAMILTON, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2017-12-2799

Hardin, Lazarus & Lewis, LLC, R. Jessup Gage, 30 Garfield Place, Suite 915, Cincinnati, Ohio 45202, for appellee

Frost Brown Todd LLC, W. Joseph Scholler, Charles B. Galvin, 9277 Centre Pointe Drive, Suite 300, West Chester, Ohio 45069, for appellant

**PIPER, J.**

{¶ 1}   Appellant, the City of Hamilton, appeals a decision of the Butler County Court of Common Pleas finding in favor of appellee, International Union of Operating Engineers, Local 20, granting its motion to compel arbitration.

{¶ 2}   A former city employee filed a grievance after he was terminated for failing to participate in an investigation regarding whether a co-worker brought a gun to work.  The

Union represented the employee and challenged the termination. The parties submitted the issue to an arbitrator, and the arbitrator found in favor of the Union and ordered the City of Hamilton to reinstate the employee. The City of Hamilton then appealed that decision to the common pleas court. The common pleas court reversed the arbitrator's decision as being outside the scope of the arbitrator's authority. In so reversing the arbitrator's award, the common pleas court did not order a remand back to the arbitrator for further action.

{¶ 3} The Union appealed the common pleas court's decision, asking that this court reverse the common pleas court's decision and reinstate the arbitrator's award. However, this court affirmed the common pleas court's decision to reverse the arbitrator's award. *In re Hamilton v. Intl. Union of Operating Engineers, Local 20*, Butler No. CA2016-03-054, 2016-Ohio-5565. After this court's decision, the Union appealed to the Ohio Supreme Court, which accepted jurisdiction. However, the Union declined to proceed with its appeal resulting in it being dismissed.

{¶ 4} Once the Union's case was dismissed by the Ohio Supreme Court, the Union, four months later, expressed its intention to submit the same issue previously arbitrated to a second arbitrator, as if the first arbitration and appellate process had not occurred. The Union filed a motion to compel arbitration in the court of common pleas, and the matter was assigned to a different judge than the one who heard the first appeal of the arbitrator's decision.

{¶ 5} The City of Hamilton opposed the Union's motion to compel, and argued that the first common pleas court decision reversing the original arbitrator's decision remained the proper judgment, as that decision was affirmed by this court. The common pleas court disagreed and granted the Union's motion to compel arbitration. The City of Hamilton now appeals the common pleas court's decision raising the following assignment of error:

{¶ 6} THE TRIAL COURT ERRED IN GRANTING THE PETITION FOR ORDER TO

- 2 -

COMPEL ARBITRATION, FORCING THE PARTIES TO SUBMIT TO A SECOND ARBITRATION.

{¶ 7} According to R.C. 2711.10(D), a common pleas court has the power to vacate an arbitration award should the arbitrator exceed his or her power. The statute further provides, "if an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators." Thus, according to the statute, the common pleas court is permitted, but not required, to remand the issue to the arbitrator for a rehearing.

{¶ 8} The record is clear that neither the common pleas court, nor this court on appeal, ordered the matter remanded to an arbitrator for a rehearing after the original arbitrator's award was reversed. Instead, both decisions recognized that the arbitrator had exceeded his authority in reviewing the employee's termination according to a standard that did not exist in the collective bargaining agreement between the City of Hamilton and the Union. However, before the arbitrator utilized the incorrect standard, the arbitrator found that the employee should have participated in the investigation and that the collective bargaining agreement provided for the employee's termination for insubordination.

{¶ 9} The issue of whether the employee was entitled to reinstatement was settled on the merits through the decisions of the common pleas court and this court. Both decisions concluded that the employee was subject to discipline, up to and including termination, according to the terms of the collective bargaining agreement for his refusal to participate in the investigation, and that such refusal amounted to insubordination. The decisions further noted that the reversable aspect of the arbitrator's decision was that he required a showing of gross insubordination, which was never a standard set forth in the agreement between the City of Hamilton and the Union. As such, the decisions make clear that the arbitrator did not have the authority to require a higher standard and that the employee's termination was

proper given his insubordination. The arbitrator determined the City of Hamilton's investigation, and the employee's obligation to cooperate, was necessary due to the gravity of the seriousness of the allegations involved and the potential life-threatening consequences to the public and city employees.

{¶ 10} The fact that the common pleas court and this court reversed the arbitrator's award for utilizing the incorrect standard does not automatically require a rehearing as the Union suggests. Instead, and as noted above, requiring a rehearing is a possibility according to statute, but it is not a requirement. The record is undisputed that the arbitrator provided a full and fair hearing, during which both parties were heard on whether the employee's termination was proper. The arbitrator, the common pleas court, and this court all noted the seriousness of the employee's insubordination by refusing to comply with the investigation, and that termination was a consequence of insubordination. As such, the Union had a full opportunity for a hearing on the matter, and reversal of the arbitrator's incorrect use of a legal standard does not vitiate the arbitrator's determination, as well as the determinations of common pleas court and this court, that termination was a proper consequence of insubordination.

{¶ 11} Given the analysis of both courts, the parties were never sent back to "square one" because of the appellate process, nor were they presented with a situation where the merits of the issue involved were not decided. Without any remand instructions from the common pleas court or this court, the effect of the common pleas court's reversal was to establish that the termination was proper given the collective bargaining agreement, and that decision was affirmed by this court on appeal. As such, the Union is not entitled to re-arbitrate the issue, and the common pleas court erred in holding otherwise.

{¶ 12} We would also note that even if a rehearing was permitted, the Union did not meet the timing requirements set forth in the parties' collective bargaining agreement.

- 4 -

According to that agreement, a grievance was required to be filed within 15 days of a disposition triggering an arbitration demand. Thus, and even if a rehearing was required, the Union had to submit the grievance within 15 days of having its case dismissed by the Ohio Supreme Court for lack of prosecution. However, it did not. Instead, the Union waited four months before asking that the issue be submitted for a second arbitration. Thus, the grievance was filed outside the timing requirements set forth by the collective bargaining agreement, providing a second reason why the common pleas court erred in granting the Union's motion to compel.[1]

{¶ 13} We accordingly find that the common pleas court erred in granting the Union's motion to compel. As such, the City of Hamilton's sole assignment of error is sustained.

{¶ 14} Judgment reversed.

RINGLAND, P.J., concurs.

M. POWELL, J., concurs in judgment.

**M. POWELL, J., concurring in judgment.**

{¶ 15} With regard and respect for my colleagues, I concur in judgment only. I do not agree with the analysis or conclusion that the matter was properly decided on its merits through the common pleas court's reversal of the arbitrator's award or this court's affirmance of the common pleas court's decision. I dissented in the Union's appeal to this court, and still maintain my position that the arbitrator acted within his authority in overturning the employee's termination and ordering reinstatement.

{¶ 16} Even so, I concur in the overall decision to reverse the second decision rendered by the common pleas court because of the Union's failure to pursue arbitration

---

1. The common pleas court did not address the timing aspect of the Union's appeal. Instead, the common pleas

within the timeframe set forth in the CBA.

{¶ 17} The CBA's provision clearly requires the arbitration demand within 15 days, and the Union did not inform the City of Hamilton of its intent to arbitrate for the second time until four months after the Ohio Supreme Court dismissed the case for lack of prosecution. Once the 15 days passed, the Union was no longer able to assert its arbitration demand, and I must agree to reverse the common pleas court's decision. However, I write separately to state that I concur in judgment only because of the Union's procedural default.

---

court determined that the timing issue was a matter for the arbitrator to determine.